[No. 20003. Department Two. July 21, 1926.]

R. O. WELTS, *Respondent,* v. WILLIAM PADDOCK *et al.,*
*Appellants.*[1]

[1] SPECIFIC PERFORMANCE (54)—RELIEF GRANTED—RECOVERY OF DAMAGES INSTEAD OF SPECIFIC PERFORMANCE. In an action for the specific performance of a contract whereby the defendants agreed to sell plaintiff a car selected by him, allowing a credit on the car traded in, in which it appears that the car had been disposed of and specific performance was impossible, judgment is properly given the plaintiff for the value of the car.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered June 18, 1925, in favor of the plaintiff, in an action for the specific performance of a contract, tried to the court. Affirmed.

*C. J. Henderson* and *Horan & Mulvihill,* for appellants.

*Wilbra Coleman,* for respondent.

MACKINTOSH, J.—The dispute which occasions this suit arose over the interpretation of a written contract made between the respondent and the appellants, who are automobile dealers. By the terms of the contract the respondent agreed to purchase "1 car" upon

[1]Reported in 247 Pac. 953.

which he was to be allowed the sum of $350 for a car which he had delivered to the appellants. The contract contains no description of the car which the respondent was to purchase, beyond that already given. There was no specification of the make, model, type or price. The contract being thus indefinite as to what car the respondent was to receive, it is his claim that he was privileged to select any car, either new or second hand, which the appellants might have for sale; while the appellants claim that the contract was for the purchase of a new Studebaker car, for which make of car they were agents.

Upon conflicting testimony the trial court found that the respondent was correct in his contention, and with that finding we agree, for the reason that the testimony does not preponderate against it. The respondent, some time after the contract was made, found in the appellants' place of business a secondhand car priced at $300 which he desired to purchase and apply on the purchase price the credit which he had been allowed for the car which he had turned over to the appellants. The appellants refused to sanction this transaction, and thereupon the respondent brought this action for specific performance.

[1] After it has been found that the respondent was entitled to receive a car, either new or secondhand, which he might select, the only question that remains is as to the judgment to which he is entitled. As has been stated, this is an action for specific performance and not for rescission. Consequently, a great many of the authorities cited by the appellants as to the nature of the recovery are not applicable to the situation under investigation. The trial court awarded a recovery for $300, being the price which the appellants were asking for the car which the respondent desired to purchase. In this action for specific performance, the respondent

was entitled either to that car or its value, and the testimony showing that the car had been disposed of, and that it was impossible for the appellants to deliver it, the judgment necessarily entered must be for the value of that car, and that value was established by sufficient evidence to be the price at which the appellants were offering it for sale.

Finding nothing in the record to justify interference with the judgment of the lower court, that judgment is here affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.